Dawn M. McCraw, AZ #035321
**PRICE LAW GROUP, APC**
8245 N. 85th Way
Scottsdale, AZ 85258
T: (818) 600-5585
F: (866) 683-3985
E: dawn@pricelawgroup.com

David A. Chami, AZ #027585
**PRICE LAW GROUP, APC**
8245 N. 85th Way
Scottsdale, AZ 85258
T: (818) 600-5564
F: (818) 600-5464
E: david@pricelawgroup.com
*Attorneys for Plaintiff,*
*Yovan Tarazon*

**UNITED STATES DISTRICT COURT**
**IN THE DISTRICT OF ARIZONA**
**PHOENIX DIVISION**

| | |
|---|---|
| Yovan Tarazon,<br><br>    Plaintiff,<br><br>v.<br><br>Capital One Bank (USA), N.A.,<br><br>    Defendant. | Case No:<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATIONS OF:<br><br>1. Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.*<br>2. Invasion of Privacy - Intrusion Upon Seclusion |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Yovan Tarazon ("Plaintiff"), by and through her attorneys, alleges the following against Capital One Bank (USA), N.A. ("Defendant" or "Capital One")

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II Plaintiff's Complaint is based upon the Invasion of Privacy - Intrusion upon Seclusion, as derived from § 652B of the Restatement (Second) of Torts. § 652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns… that would be highly offensive to a reasonable person."

**JURISDICTION AND VENUE**

3. Jurisdiction of this court arises under 47 U.S.C. §227 *et seq.* and 28 U.S.C. §1331.

4. Plaintiff also brings the complaint under federal diversity jurisdiction, 28 U.S.C. §1332, as the parties are completely diverse in citizenship (Plaintiff is a citizen of Arizona and Defendant is a citizen of Virginia) and the amount in controversy exceeds $75,000.

5. Venue is proper pursuant to 28 U.S.C. §1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District. Because Defendant transacts business here, personal jurisdiction is established.

**PARTIES**

6. Plaintiff is a natural person residing in Mesa, Maricopa County, Arizona.

7. Defendant is a financial institution that often issues credit cards to consumers with its principal place of business located in McLean, Virginia, and can be served at its registered agent Corporation Service Company at 8825 N 23rd Avenue, Suite 100, Phoenix, AZ 85021.

8. Defendant is also one who enforces or attempts to enforce an obligation that is owed or alleged to be owed, to a creditor, by a consumer as a result of a consumer transaction.

9. Defendant acted through its agents, employees, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

10. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth at length herein.

11. Several years ago, Plaintiff acquired a Capital One Bank (USA), N.A. card from Capital One.

12. In or around March 2020, Plaintiff's place of employment experienced hardship due to the COVID-19 pandemic, and Plaintiff was unable to make payments.

13. Plaintiff works in a single-chair salon, renting out chairs in building suites. Due to COVID-19, many current and potential future clients decided to forego coming to the salon for safety reasons.

14. Plaintiff continued to try to pay all of her bills in a timely fashion hoping for a quick recovery from the COVID-19 crisis.

15. Unfortunately, Plaintiff's business never recovered and Plaintiff struggled financially and was unable to make payments on Defendant' account.

16. In or around September 2021, Capital One began calling Plaintiff on her cellular phone number ending in 7785.

17. Defendant is attempting to collect on an alleged debt owed from Plaintiff which were a result of a consumer credit transaction.

18. Capital One called from at least the following two (2) numbers: 800-435-1415, and 800-955-6600.[THINK WE SHOULD JUST DROP BEGINNING AS 1) NOT REALLY A VARIETY OF NUMBERS AND 2) SCREENSHOT PROVIDED BY CL SHOWS CID AS CAPITAL ONE].

19. Upon information and belief, Capital One owns and operates these phone numbers.

20. On or about September 29, 2021, at about 1:50pm, Plaintiff received a call on her cellular phone from Defendant using the number 800-435-1415.

21. After answering the call, Plaintiff noticed a short pause before Defendant's representative began speaking, consistent with the use of an automatic dialing system.

22. During the conversation, Plaintiff spoke with a representative, at which point Plaintiff unequivocally revoked consent to be contacted by phone any further. Plaintiff also told the representative about her financial hardships due to COVID-19.

23. Despite revoking consent, Plaintiff continued to be harassed by phone calls from Capital One multiple times per day.

24. Between September 29, 2021 and December 16, 2021, Capital One willfully called Plaintiff on her cell phone using an automatic telephone dialing system approximately **fifty (50)** times after Plaintiff had revoked consent.

25. Upon information and belief, each time Plaintiff received a phone call from Capital One there was a brief pause prior to speaking with a representative, indicating the use of an automatic telephone dialing system.

26. Capital One called Plaintiff up to two (2) times a day; further indicating the use of an automatic telephone dialing system. [NOT SURE 2X/DAY CARRIES MUCH WGT (COMPARED TO 5X, ETC) SO MAYBE JUST CUT 2ND HALF OUT?]

27. On the **vast majority** of calls, Capital One also left pre-recorded or artificial voice messages for Plaintiff without her consent.

28. With the significant loss of income from a major reduction in clients due to Covid-19 Plaintiff was barely able to afford basic necessities.

29. Upon information and belief, Capital One was well aware of Plaintiff's financial hardships due to COVID-19, but continued to harass her by calling her multiple times a day even though she revoked her consent to be contacted via phone.

30. Upon information and belief, Defendant's system "use[s] a random generator to determine the order in which to pick phone numbers from a preproduced list" and "then store[s] those numbers to be dialed at a later time," consistent with footnote 7 in *Facebook, Inc. v. Duguid,* 28 Fla. L. Weekly Fed. S. 721, at *6 n.7 (U.S. 2021).

31. Upon information and belief, Defendant's system used to call Plaintiff has the capacity to store a telephone number using a random or sequential number generator.

32. Upon information and belief, Defendant's system used to call Plaintiff has the capacity to produce a telephone number using a random or sequential number generator.

33. Defendant is familiar with the TCPA and Intrusion Upon Seclusion.

34. Defendant's conduct was not only done willfully but was done with the intention of causing Plaintiff such distress, so as to induce her to pay the debt or pay more than she was able.

35. Defendant's intrusion upon Plaintiff's seclusion was highly offensive to the reasonable person, oppressive, outrageous, and exceeded reasonable collection efforts. Defendant's conduct was especially unreasonable because it called relentlessly shortly after Plaintiff had explained why he could not repay Defendant and on multiple occasions expressly revoked consent to be called.

36. Due to Capital One's actions, Plaintiff has suffered extreme emotional distress, invasion of privacy, daily interruption during her job, loss of sleep, and actual damages.

## **COUNT I**
### **(Violations of the TCPA 47 U.S.C. §227)**

37. Plaintiff incorporates by reference the above factual allegations of this Complaint as though fully stated herein.

38. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

    a. Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in

pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.[WERE THEY REALLY CHARGED?]

  b. Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

39. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b).

## COUNT II
### (Intrusion Upon Seclusion)

40. Plaintiff incorporates by reference the above factual allegations of this Complaint as though fully stated herein.

41. Restatement of the Law, Second, Torts §652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his

private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

42. Defendant violated Plaintiff's privacy. Defendant's violations include, but are not limited to, the following:

   a. Defendant intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite numerous requests for the calls to cease.

   b. The number and frequency of the telephone calls to Plaintiff by Defendant after numerous requests for the calls to cease constitute an intrusion on Plaintiff's privacy and solitude.

   c. Defendant's conduct would be highly offensive to a reasonable person as Plaintiff received calls that often interrupted Plaintiff's work and sleep schedule and caused her physical symptoms from stress.

   d. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

43. By calling Plaintiff approximately 50 times any reasonable person would be offended by Defendant's conduct.

44. As a result of Defendant's violations of Plaintiff's privacy, Defendant is liable to Plaintiff for actual damages. If the Court finds that the conduct is found to be egregious, Plaintiff may recover punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Yovan Tarazon, respectfully requests judgement be entered against Capital One Bank (USA), N.A. for the following:

45. Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. §(b)(3)(B);

46. Statutory damages of $1,500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. §(b)(3);

47. Actual and Punitive damages for violation of Arizona's common law intrusion upon seclusion;

48. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

49. Any other relief that this Honorable Court deems appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

Respectfully submitted this 21st day of June 2022.

By:/s/ *Dawn McCraw*
Dawn M. McCraw, AZ #035321
**PRICE LAW GROUP, APC**
8245 N. 85th Way
Scottsdale, AZ 85258
T: (818) 600-5585
F: (866) 683-3985
E: dawn@pricelawgroup.com

David A. Chami, AZ #027585
**PRICE LAW GROUP, APC**
8245 N. 85th Way
Scottsdale, AZ 85258
T: (818) 600-5564
F: (818) 600-5464
E: david@pricelawgroup.com
*Attorneys for Plaintiff,*
*Yovan Tarazon*